IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOSEPH YOUNG, | ) | NO. 04-05100 |
| | ) | |
| DEBTOR. | ) | HONORABLE JACK R. SCHMETTERER |

**TRUSTEE'S FINAL REPORT**

To:   THE HONORABLE JACK R. SCHMETTERER,
BANKRUPTCY JUDGE:

NOW COMES LAWRENCE FISHER, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.   The Petition commencing this case was filed on February 11, 2004. Lawrence Fisher was appointed interim Trustee, and he is now serving as permanent Chapter 7 Trustee herein (the "Trustee"). The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined. The Notice Fixing December 23, 2004 as the Time for Filing Claims along with a Certificate of Service is attached hereto. This Notice was sent to all creditors; however, no claims have been filed in this case and the surplus of this estate will revert to the Debtor. The Trustee has not found it advisable to oppose the Debtor's

discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B (Form 1). The property that has been abandoned is described therein.

4. A summary of the Trustee's Final Report as of October 28, 2005 is as follows:

   a. RECEIPTS (See Exhibit C) $ 140,216.85

   b. DISBURSEMENTS (See Exhibit C) $ 122,444.95

   c. NET CASH available for distribution $ 17,771.90

   d. TRUSTEE/PROFESSIONAL COSTS:

      1. Trustee compensation requested (Exhibit E) $ 6,483.50
      2. Trustee Expenses (Exhibit E) $ 5.00
      3. Compensation requested by attorney or other professional for Trustee (Exhibit F) $ 7,739.00
      3. Expenses requested by attorney or other professional for Trustee (Exhibit F) $ 57.03

5. The Bar Date for filing unsecured claims expired on December 23, 2004.

6. All claims filed in this case with the clerk of the Bankruptcy Court have been reviewed by the Trustee (See Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

   a. Allowed unpaid secured claims $ -0-

   b. Chapter 7 administrative and 28 U.S.C. §1930 claims $ 14,284.53

   c. Allowed Chapter 11 administrative claims $ N/A

   d. Allowed priority claims $ -0-

  e.  Allowed unsecured claims    $ -0- (none filed)

7. The Trustee proposed that unsecured creditors receive a distribution of 0% of allowed claims; no claims having been filed.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $-0-. Trustee's attorneys, accountants, or other professional's compensation requested but not yet allowed is $7,739.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $7,796.03.

8. A fee of $900.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

WHEREFORE, THE Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Final Report and for such other relief as the Court shall deem proper.

DATED: October 28, 2005

               RESPECTFULLY SUBMITTED,

               _____
               Lawrence Fisher, Trustee

Lawrence Fisher
Lawrence Fisher & Associates
One North Wacker Drive
Suite 4200
Chicago, IL 60606
312/782-6603

# EXHIBIT A

## Tasks Performed by Trustee

The Trustee performed customary and usual services in connection with the administration of this estate, including review of schedules, attendance to and conduct of §341 hearings, the investment of monies and the keeping of accounts, the preparation of the final report and services required for its approval, and the distribution of net cash available.

The schedule of real property set forth Debtor's showed ownership of property being a two flat brick building located at 7430 S. Union, Chicago, Illinois Debtor valued the residence at $112,000, subject to a mortgage lien of $77,495.37. The Trustee took appropriate steps to appraise the property and estimated the costs of recovery and sale. The Trustee secured the services of a real estate broker, Salko Dracic and Century 21 Advantage, to assist in the sale of the property. Trustee received numerous real estate contracts from the broker. Upon notice to all creditors, a hearing was held May 4, 2004 to sell Trustee's right, title and interest in and to the real property "as is" to Derril Wood who at the time appeared to be the highest bidder. The potential buyer was unable to complete the financing and backed out of the contract. After review of all contracts received and discussion with his real estate broker, Trustee petitioned the court for the approval of a contract submitted by Dahveed Morris for $145,000. Upon notice to all creditors, a hearing was held July 6, 2004 to authorize the sale; however, after the court order was entered, Mr. Morris withdrew his offer based on the fact that there would be considerable repair to the property and wanted a reduced amount of $130,000 for his purchase of the property. Trustee declined and went with the next highest offer of $140,000 with a $7,000 earnest money deposit from Fulton Knight who at that time had already secured the financing and was still interested in purchasing the property. A hearing was held on July 29, 2004, upon notice to creditors, to authorize the sale to Fulton Knight.

Throughout all the several conversations and faxed transmittals that Trustee encountered, it wasn't until the closing was to take place that Trustee was informed that the title of the property was not in Debtor's name, but in the name of Janice Curry who lived with Debtor. Ms. Curry indicated that Debtor had paid all the real estate taxes, she was in agreement with the sale of the property. and she would sign any and all papers at the closing to sell the property to Fulton Knight. However, on the date of closing at Chicago Title & Trust, it was discovered that the title company had not received the original and appropriate Deed of Conveyance and would not close at that time. After securing the appropriate Deed of Conveyance, Trustee then closed on the sale of property at Residential Title in Lombard, Illinois.

The Trustee participated in the closing. All documents were reviewed as well as the closing statement and disbursements included therein along with the execution of Trustee's Deed and other closing papers. The property sold for $140,000, less prorations and costs of sale, and netted the estate $27,973.05. Debtor requested and received his $7,500 homestead exemption.

The Trustee invested the estate funds in a money market account which earned $216.85 in interest. Trustee has reviewed the file, examined all pleadings and orders, and prepared this Final Report.



FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No.: 04-05100
Case Name: Joseph Young
For Period Ending: 10/28/05

Trustee Name: Lawrence Fisher
Date Filed (f) or Converted (c): 2/11/04 (f)
§ 341(a) Meeting Date: 3/17/04
Claims Bar Date: 12/31/04

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon. DA=§ 554(c) abandon. | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Ref.# | | | | | |
| 1  2 flat located at 7430 S. Union, Chicago (s) | 112,000.00 | | | 27,973.05 | FA |
| 2  Joint account with Janice Curry (s) | 0.00 | 0.00 | | | FA |
| 3  Wearing apparel (s) | 1,000.00 | -0- | | | FA |
| 4  Interest (u) | N/A | Unknown | | 216.85 | FA |

TOTALS (Excluding unknown values)   Unknown   28,189.90   Gross Value of Remaining Assets
                                                                                        0.00
                                                          (Total Dollar Amount in Column 6)

Major activities affecting case closing: None

Initial Projected Date of Final Report (TFR): _____    Current Projected Date of Final Report (TFR): 4/30/05

EXHIBIT B

FORM 2
CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No.: 03-33101
Case Name: Allen & Phyllis Bollinger
Taxpayer ID #: 59-7241666
For Period Ending: 10/13/2005

Trustee Name: Lawrence Fisher
Bank Name: Bank One
MM/Checking Account: 1610546754
Blanket bond (per case limit $5,000,000
Separate bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Ref. # | Paid to/ Received From | Description of Transaction | Uniform Trans. Code | Deposit $ | Disbursement $ | Money Market Account Balance |
| 12/11/2004 | 1 | Judith Griesheim | Sale of real estate to debtors | 1110-000 | 47,000.00 | | 47,000.00 |
| 2/27/2004 | 6 | Bank One | Interest | 1270-000 | 16.98 | | 47,016.98 |
| 3/31/2004 | 6 | Bank One | Interest | 1270-000 | 23.36 | | 47,040.34 |
| 4/30/2004 | 6 | Bank One | Interest | 1270-000 | 21.18 | | 47,061.52 |
| 5/28/2004 | 6 | Bank One | Interest | 1270-000 | 18.03 | | 47,079.55 |
| 6/30/2004 | 6 | Bank One | Interest | 1270-000 | 21.26 | | 47,100.81 |
| 7/30/2004 | 6 | Bank One | Interest | 1270-000 | 19.34 | | 47,120.15 |
| 8/31/2004 | 6 | Bank One | Interest | 1270-000 | 20.64 | | 47,140.79 |
| 9/30/2004 | 6 | Bank One | Interest | 1270-000 | 20.26 | | 47,161.05 |
| 10/29/2003 | 6 | Bank One | Interest | 1270-000 | 22.47 | | 47,183.52 |
| 11/18/2004 | 6 | Bank One | Interest | 1270-000 | 15.56 | | 47,199.08 |
| 11/18/2004 | | Bank One | Transfer to checking account | 9999-000 | | | 47,199.08 |
| 4/1/2005 | Ck. 1001 | Lawrence Fisher | Trustee compensation | 2100-000 | | 3,979.00 | 43,220.08 |
| 4/1/2005 | Ck. 1001 | Lawrence Fisher | Trustee expenses | 2200-000 | | 23.60 | 43,196.48 |
| 4/1/2005 | Ck. 1002 | Lawrence Fisher | Attorney for trustee compensation | 3110-000 | | 2,758.50 | 40,437.98 |
| 4/1/2005 | Ck. 1002 | Lawrence Fisher | Attorney for trustee expenses | 3120-000 | | 39.25 | 40,398.73 |
| 4/1/2005 | Ck. 1003 | Citibank | Claim no. 1 | 7100-900 | | 3,019.30 | 37,379.43 |
| 4/1/2005 | Ck. 1004 | Chase Manhattan | Claim no. 2 | 7100-900 | | 5,320.25 | 32,059.18 |
| 4/1/2005 | Ck. 1005 | World Omni Financial | Claim no. 3 | 7100-900 | | 4,675.40 | 27,383.78 |
| 4/1/2005 | Ck. 1006 | Monogram Credit | Claim no. 4 | 7100-900 | | 418.25 | 26,965.53 |
| 4/1/2005 | Ck. 1007 | Discover Financial | Claim no. 5 | 7100-900 | | 4,568.11 | 22,397.42 |
| 4/1/2005 | Ck. 1008 | SMC-Cvarson Pirie | Claim no. 6 | 7100-900 | | 575.24 | 21,822.18 |
| 4/1/2005 | Ck. 1009 | Capital One Bank | Claim no. 7 | 7100-900 | | 1,512.64 | 20,309.54 |
| 4/1/2005 | Ck. 1010 | Monogram Credit | Claim no. 8 | 7100-900 | | 3,511.32 | 16,798.22 |
| 4/1/2005 | Ck. 1011 | MBNA America Bank | Claim no. 10 | 7100-900 | | 16,798.22 | 0.00 |
| | | | SUBTOTALS | | 47,199.08 | 47,199.08 | |
| | | | COLUMN TOTALS | | | | |
| | | | Less: Bank transfers/CDs | | | | |
| | | | Subtotal | | | | |
| | | | Less: Payments to debtors | | | | |
| | | | Net | | | | |

EXHIBIT C

| | | | | | |
|---|---|---|---|---|---|
| 9/30/2004 | Item 4 | Bank One | Interest | 1270-000 | 17.95 | 17,757.43 |
| 10/25/2005 | | Bank One | Converted to checking account | 9999-000 | | 17,757.43 |
| 10/25/2005 | Item 4 | Bank One | Final interest after conversion | 1270-000 | 14.47 | 17,771.90 |
| | | | | | | 17,771.90 |

SUBTOTALS                              28,189.90      10,418.00

COLUMN TOTALS

   Less: Bank transfers/CDs

Subtotal

   Less: Payments to debtors

Net

## DISTRIBUTION REPORT

I, Lawrence Fisher, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review, I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---|
| Chapter 7 Administrative Expenses | $ 14,284.53 |
| Chapter 11 Administrative Expenses | $ N/A |
| Priority Claims (507(a)(3)-(a)(6)) | $ -0- |
| Secured Tax Liens | $ -0- |
| Priority Tax Claims | $ -0- |
| General Unsecured Claims | $ -0- (none filed) |
| Surplus of estate to Debtor | $  3,487.37 |
| TOTAL AMOUNT TO BE DISTRIBUTED | $ 17,771.90 |



| 1. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration, including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | $ 14,284.53 | 100% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| Lawrence Fisher | Trustee fees | $ 6,483.50 | $ 6,483.50 |
| Lawrence Fisher | Trustee expenses | $ 5.00 | $ 5.00 |
| Lawrence Fisher | Attorney/Trustee fees | $ 7,739.00 | $ 7,739.00 |
| Lawrence Fisher | Attorney/Trustee expenses | $ 57.03 | $ 57.03 |

| 2. | TYPES OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §726(a) and (b) and §507(a)(1) (Debtors-in-possession (DIP) administrative expenses) | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

None

| 3. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(2) – Gap claims arising in involuntary cases and allowed pursuant to §502(1) | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| None | | | |

| 4. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(3) – Wages, salaries or commissions limited to $4,300.00 | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| None | | | |

| 5. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(4) – Contributions Employment Funds | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

None

| 6. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(5) – Farmers and Fishermans' claims to the extent of $4,300.00 | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

None

| 7. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(6) – Deposits by consumers to the extent of $1,950.00 | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| None | | | |

| 8. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(7) – Alimony Maintenance and Support | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| None | | | |

| 9. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §724(b) – Tax Liens | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

None

| 10. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(7) – Tax claims excluding fines and penalties | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

None

| 11. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(8) – Capital Commitments to FDIC, et al. | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

None

| 12. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §726(a)(2) – General Claims (To be paid <u>pro-rata after</u> costs of administration and priority claims are paid in full) | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

None

| 13. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §726(a)(3) – Late unsecured claims | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| None | | | |

| 14. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §726(a)(4) – Fines/Penalties | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| None | | | |

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a)(5) — Interest | $ 0.00 | 0% |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

None

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/ WITHDRAWN DESIGNATE) |
|---|---|---|---|---|

None

### SURPLUS OF ESTATE FUNDS:

The Notice Fixing December 23, 2004 as the Time for Filing Claims along with a Certificate of Service is attached hereto to this Final Report. This Notice was sent to all creditors; however, no claims were timely filed by the bar date. Trustee's office did telephone the major unsecured creditors listed in Debtor's schedules to file a late claim; however, as of the date of this report's filing, no claims have been filed in this case and the surplus of estate funds in the amount of $3,487.37 will revert to the Debtor.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: October 28, 2005

Lawrence Fisher, Trustee